IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SARKISOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STONEMOR PARTNERS, L.P., *et al.*,<br><br>Defendants.<br>_____ / | No. C 13-04834 WHA<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |

**INTRODUCTION**

In this employment action, defendants move to dismiss three claims from the first amended complaint. Defendants also move to strike language from four claims. For the reasons stated, the motion to dismiss is **DENIED**. The motion to strike is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The facts as alleged in the first amended complaint are as follows: In March 2010, plaintiff George Sarkisov began working for defendants StoneMor Partners, L.P., and StoneMor GP, LLC, as a family services counselor at a cemetery in Colma, California. His job duties included selling cemetery plots, headstones, and urns, cremating and burying bodies, directing funerals, aiding visitors and family members in filing paperwork, and performing other administrative duties around the facility. In 2011, plaintiff verbally supported female employees' internal complaints over unequal access to defendants' facilities at night. During a

one-on-one meeting on September 12 of that year, plaintiff's supervisor, Nisha Hafiz, insinuated that plaintiff had ties to the Russian mafia, and offered financial support for his business venture through her "Muslim connections"  Plaintiff interpreted her tone as threatening and ended the encounter (First Amd. Compl. ¶ 91).

When he returned to work the following morning, plaintiff found he had been removed from the day's schedule without notice.  In the year following the incident, defendants further reduced plaintiff's work hours, diverted clients to other employees, failed to timely renew plaintiff's cemetery license, and shifted a disproportionate amount of non-commission work to plaintiff, all of which plaintiff interpreted as retaliation for verbally supporting his female coworkers.  The complaint alleges that these incidents culminated in an anonymous phone call threatening his and his family's lives.  Soon after, on September 15, 2012, plaintiff found out that he would be "compelled to resign effective September 27" (First Amd. Compl. ¶ 103).

In addition to the above instances of perceived retaliation, plaintiff alleges that defendants failed to:  (1) adequately compensate or record overtime; (2) pay for work done outside of scheduled hours; (3) pay hourly wages for work not eligible for commission earnings; (4) pay for split shifts; (5) permit rest periods or compensate for missed rest periods; (6) present complete itemized statements for each pay period; (7) compensate plaintiff for days where he was required to report for work but was assigned less than half the usual hours; (8) reimburse expenses undertaken in the course of employment; (9) pay all wages immediately upon termination.

On October 17, 2013, plaintiff brought this action based on federal-question and diversity jurisdiction, amending it once in January 2014.  The complaint alleges violations of the Fair Labor Standards Act, Section 1981, California Wage Order 4, California Labor Code Sections 201–03, 204(b), 221–23, 226, 226.7, 510, 1102.5, 1194, 1197, 1198, 2802, and 6310, the Fair Employment and Housing Act, and the California Unfair Competition Law (as well as tortious violations of public policy).  In total, plaintiff asserts nineteen claims for relief, requesting damages, restitution of wages and expenses, statutory penalties, and attorney's fees and costs.  The first through eighth claims are brought as a putative class action under Wage

2

1  Order 4 and various Labor Code violations. Of plaintiff's putative class claims, only the seventh
2  — alleging that defendants failed to provide complete itemized paystubs under Labor Code
3  Section 226 — is relevant to this order. The eleventh and thirteenth claims are brought on behalf
4  of plaintiff and "other current and former StoneMor employees" under the California Private
5  Attorneys General Act of 2004 ("PAGA"). The eleventh claim alleges violation of Labor Code
6  sections related to overtime, itemized paystubs, rest periods, and timely payment of wages
7  following termination; the thirteenth claim alleges retaliation under Labor Code Section 6310.
8  Plaintiff brings the remaining nine claims on his own behalf.

9  Defendants now move to dismiss the seventh, eleventh, and thirteenth claims under
10 FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively,
11 defendants move to strike language from the seventh claim that asserts plaintiff is entitled to
12 statutory penalties and language bringing the eleventh and thirteenth claims on behalf of other
13 employees. Defendants also move to strike the portion of the twelfth claim alleging that plaintiff
14 is entitled to damages beyond lost wages and benefits. Plaintiff has stipulated to strike portions
15 of the eleventh, twelfth, and thirteenth claims, but otherwise opposes the motion. This order
16 follows full briefing, including a surreply allowing plaintiff to address arguments raised for the
17 first time in defendants' reply brief. Oral argument was held on April 3.

## ANALYSIS

19 In a motion to dismiss under FRCP 12(b)(6), the complaint must be examined for
20 "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."
21 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper "where there is no cognizable
22 legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."
23 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

24 Defendants have not demonstrated that plaintiff cannot be granted relief on his seventh,
25 eleventh, and thirteenth claims. While motions to strike are looked upon with disfavor, and
26 defendants fail to show good cause to strike any portion of plaintiff's seventh claim, this order
27 implements the parties' agreement to strike parts of the eleventh, twelfth, and thirteenth claims.
28

3

1.   **SEVENTH CLAIM FOR RELIEF UNDER LABOR CODE SECTION 226.**

   *A.   Motion to Dismiss.*

Plaintiff's seventh claim, brought as a putative class action, alleges that defendants failed to provide complete itemized paystubs as required under California Labor Code Section 226. Missing information included:  unreported overtime hours, hours worked from home, gross and net wages, hours worked on commission and corresponding rates and sales, hours during which plaintiff was ineligible to earn commission, split shifts, and the inclusive dates of the pay period. If plaintiff can successfully show a violation of California Labor Code Section 226(e), he would be:

> [E]ntitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff claims the greater of either actual damages or statutory penalties, in addition to costs and attorney's fees.  Plaintiff's employment with defendants ended on September 27, 2012, and he filed this action, including claims under Section 226, on October 17, 2013.  Without the benefit of equitable tolling, plaintiff's request for penalties would ordinarily be barred by the one-year statute of limitations set out in California Code of Civil Procedure Section 340(a) for an "action upon a statute for a penalty."  But before reaching the question of whether equitable tolling should be applied in this case, this order first seeks to clarify defendant's view of relief available under Section 226.

Defendants argue that *any* relief under Section 226 must be considered a penalty, and is, therefore, time-barred.  Defendants base this notion in a California Supreme Court decision which, in the process of interpreting a different statute, referred to the existence of penalties as a remedy for violations of Section 226(e) but did not mention damages. *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1108 (2007).

This order disagrees.  A penalty is that "which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained." *Id.* at 1104.  The complaint alleges that insufficiently itemized

4

statements accompanying plaintiff's paychecks "ha[ve] allowed StoneMor not to pay Plaintiff and Class Members the pay to which they were allegedly entitled but did not receive" (First Amd. Compl. ¶ 67); it also alleges that defendants instructed plaintiff not to report hours in excess of 40 per week, regardless of the number of hours actually worked (First Amd. Compl. ¶ 56–57). Failure to provide complete and accurate itemized paystubs could have made the alleged under-reporting of wages more difficult to detect and confront. Lost wages may thus be considered damages under Section 226. *See Cornn v. United Parcel Service, Inc.*, 2006 WL 449138 *3 (N.D. Cal. Feb. 22, 2006) (Judge Thelton Henderson). Section 226 has two applicable statutes of limitations — one year for penalties, and three years for damages, which fall under California Code of Civil Procedure Section 338 for "an action upon a liability created by statute, other than a penalty or forfeiture." *See Delgado v. Deanda*, 2012 U.S. Dist. LEXIS 72730 at *3–4 (N.D. Cal. Dec. 18, 2012) (Judge Lucy Koh). Exactly which items are penalties and which are damages will be sorted out at trial, but at least some damages are alleged. *Remember, Section 226(e) specifically calls out "damages" as available thereunder.*

As part of their larger argument that damages under Section 226(e) should be construed as penalties, defendants assert that plaintiff's recovery under the statute cannot exceed the $4,000 penalty cap. It became clear during oral argument that defendants' interpretation of 226(e) stems in part from a misreading of *Cornn v. United Parcel Service, Inc*. The district court in *Cornn* noted that Section 226(e)'s broad language "provides for recovery of 'all actual damages' with no qualifications other than a $4,000 aggregate limit." *Cornn v. United Parcel Service, Inc.*, 2006 WL 449138, at *4. The central holding in *Cornn*, however, was that wages were recoverable as "actual damages" under Section 226 — not, as defendants contend, that recovery under Section 226(e) is limited to a $4,000 penalty (Reply Br. 7). The holding in *Cornn* does not support defendant's proposition, and defendants' bring no further decisions to support their strained reading of the statute.

This order agrees with courts that have interpreted Section 226(e) to allow a plaintiff to recover "the greater of all actual damages or [penalties ranging from $50 to $4,000 depending on the circumstances]." *Reinhardt v. Gemini Motor Transport*, 879 F. Supp. 2d 1138, 1141 (E.D.

United States District Court
For the Northern District of California

Cal. 2012) (Judge Anthony Ishii) (brackets in original); McKenzie v. Federal Exp. Corp., 275 F.R.D. 290, 301 (C.D. Cal. 2011) (Judge Gary Feess) (granting PAGA class action certification despite the fact that recovery by *individual* plaintiffs could exceed $4,000 in actual damages).

### B.    *Motion to Strike.*

As an alternative, defendants move to strike language stating that plaintiff is entitled to statutory penalties, if greater than damages, because the statute of limitations on penalties has supposedly run.  Defendants are correct that the commencement of this action was 20 days too late — unless, as plaintiff asserts, equitable tolling should apply for the 33-day period during which he exhausted administrative remedies for his factually similar eleventh and thirteenth claims.

Under California law, application of the equitable tolling doctrine is proper when a plaintiff:  (1) gives notice to the defendant in filing the first claim within the statute of limitations; (2) avoids prejudice by "affording the defendant an opportunity to identify sources of evidence" in the claim being tolled; and (3) acts reasonably and in good faith in filing the second claim.  *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924–25 (1983).  Weighing the above factors is not a pure question of law:

> Each of the three factors requires a *practical* inquiry.  At a minimum, determining the applicability of equitable tolling necessitates resort to the *specific* circumstances of the prior claim . . . Thus, the question ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion . . . California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of the litigation.

*Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (1990).  To defeat plaintiff's assertion that he is entitled to equitable tolling at this stage, defendants must show that plaintiff cannot prevail as a matter of law.  Defendants have failed to do so.  A jury will have to decide.  Here are the details.

*First,* plaintiff alleges that he provided defendants written notice within the statute of limitations when he alleged violation of Section 226 in the process of exhausting his administrative remedies under PAGA.  The California Labor and Workforce Development Agency has a 33-day window during which it can notify petitioners that it has decided to pursue

6

1  a PAGA claim. As required by California Labor Code Section 2699.3, plaintiff alleges that he
2  sent the LWDA a pre-litigation letter outlining the basis for his PAGA claims — which include
3  alleged violations of Section 226 — and provided defendants with a copy via certified mail.
4  Whether counsel's admission that defendants' copy of this letter was "dated September 13,
5  2013" (Carolan Decl. ¶ 2) is sufficient to support plaintiff's contention that defendants received
6  adequate notice is a factual inquiry that cannot be decided in a dismissal order.

*Second,* plaintiff has made a showing that prejudice is mitigated because a pre-litigation letter gave defendants sufficient opportunity to investigate the Section 226 claim in this action. To satisfy the second prong, the two relevant claims need not be identical so long as "the facts . . . [are] so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Collier*, 142 Cal. App. 3d at 924.  Plaintiff's pre-litigation letter to the LDWA stated:

> Labor Code [Section] 226 required that the paystubs which StoneMor provided its employees reflect all hours that we worked and the pay to which we were entitled.  StoneMor violated Labor Code [Section] 226 as to myself and its other employees by providing us with pay stubs that did not include the hours that we worked over 8 in a day or 40 in a week, and that did not include the pay to which we were entitled but did not receive as explained in paragraphs 2–7 above . . . The allegations in paragraphs 2–8 above are being made not only on my behalf but also on behalf of all other current and former California employees of StoneMor who suffered these violations

(Carolan Exh. A ¶ 8–9).  Paragraphs 2–7 of the letter accused defendant of failure to pay overtime, improper use the commission exemption for certain pay periods, failure to compensate split shifts and missed rest periods, and failure to pay back wages upon termination.

Those were similar to those in the seventh claim, or so a reasonable jury could find. Defendants have not shown that, as a matter of law, the allegations failed to present them with enough opportunity to identify relevant evidence for this action.  Defendants assert that the pre-litigation letter did not give adequate notice because it failed to describe defendants' alleged violations as "knowing and intentional," as required for relief under Section 226.  They also argue that the pre-litigation letter did not adequately specify which employees were alleged to have been injured.  "'[S]imilarity' is less a legal conclusion and more a factual exploration . . . .

7

[and] is not easily resolved as a matter of law, without receiving evidence." *Cervantes*, 5 F.3d 1276. Please save this for the jury.

*Third*, plaintiff contends that he proceeded reasonably and in good faith. Plaintiff was not required to act simultaneously on every possible claim that could be derived from the above facts; by delaying this action until the expiration of the 33-day waiting period, plaintiff avoided potentially duplicative actions that might have arisen had the LWDA chosen to pursue the claims stated in the pre-litigation letter. The state court of appeal in *Collier* noted that the policy behind the doctrine of equitable tolling is to allow plaintiff to avoid forfeiture and unnecessary expense by pursuing one action at a time. Defendants contend that plaintiff should have commenced this action simultaneously with the LWDA pre-litigation letter, amending if necessary after the 33 days had expired. While, in hindsight, plaintiff might have reasonably followed defendants' proposed strategy, whether his decision was reasonable and in good faith is not a question that can be conclusively resolved at this stage of litigation.

Given that defendants have failed to demonstrate that plaintiff is not entitled to equitable tolling as a matter of law, this order cannot hold as a matter of law that the request for penalties is time-barred. For the foregoing reasons, defendants' motions to dismiss or to strike portions of plaintiff's seventh claim are **DENIED**.

  **2. ELEVENTH AND THIRTEENTH CLAIMS FOR RELIEF UNDER PAGA.**

    *A. Motion to Dismiss*.

Defendants also move to dismiss plaintiff's eleventh and thirteenth claims, both brought under PAGA. The eleventh claim alleges violations of sections of the Labor Code related to the provision of overtime, itemized paystubs, rest periods, and timely payment of wages following termination. The thirteenth claim alleges that defendant violated Labor Code Section 6310 by constructively discharging plaintiff in retaliation for complaints made to his supervisor. Defendants move to dismiss these claims on two grounds: (1) plaintiff gives vague and inadequate descriptions of which StoneMor employees are included in the action, and therefore "does not provide fair notice of the scope of the PAGA claim" (Br. 9), and (2) if language bringing the claims on behalf of other StoneMor employees is struck, the claim should be

8

dismissed because there is no relief for individuals under PAGA.  Because plaintiff has stipulated to remove language bringing the eleventh and thirteenth claims on behalf of other employees, as discussed below, this order addresses only defendants' second argument.

PAGA states that:

> Any provision of [the Labor Code] that provides for a civil penalty . . . may, as an alternative, be recovered through a civil action *brought by an aggrieved employee on behalf of himself or herself and other current or former employees*.

CAL. LAB. CODE § 2699(a) (emphasis added).  Plaintiff brings his eleventh and thirteenth claims pursuant to Labor Code Section 2699(g)(1), which extends the claim for relief in Section 2699(a) to allow recovery for violations of the Labor Code that do not independently give rise to civil penalties.

Actions under PAGA enable private citizens to supplement the enforcement authority otherwise entrusted to the LWDA.  In passing the Act in 2004, the California Legislature found that it would help to ensure "vigorous assessment and collection of civil penalties as provided in the Labor Code," recognizing that "staffing levels for state labor law enforcement agencies . . . are likely to fail to keep up with the growth of the labor market."  S.B. 796, 2003–04 Leg., Reg. Sess. (Cal. 2003).  Raising the issue for the first time in their reply brief, defendants raise three decisions to support their position that there is no individual action under PAGA, asserting that plaintiff may only brings the suit on behalf of himself "*and*" other employees.

It is helpful to review the relevant procedural history of this motion before addressing defendants' argument.  Defendants moved to strike language in claims eleven and thirteen bringing plaintiff's PAGA action on behalf of other employees, on the grounds that the language was vague and "fail[ed] to provide adequate notice regarding the particular employees he purports to represent" (Br. 9).  Plaintiff agreed in his opposition that "the parts of the eleventh and thirteenth claims for relief that seek statutory penalties on behalf of other employees should be stricken for failure to specify who the other employees are" (Opp. 7).  Plaintiff went on to say that he would amend his complaint to include specific employees for the eleventh claim, and that he planned to amend the thirteenth claim following discovery.

9

1    Then, in the reply brief, defendants raised, for the first time, that plaintiff's remaining
2    *individual* PAGA claims should be dismissed because "there is no such claim under PAGA"
3    (Reply Br. 2). This was sandbagging by defendants. This argument should have been addressed
4    in opening papers. On this ground alone it should be denied.

5    Nonetheless, this order address the merits and holds that defendants' argument is wrong.
6    A single plaintiff certainly ought to be able to sue for PAGA penalties applicable to his own
7    individual action — without having to prove all PAGA penalties for everyone else in the same
8    workplace. The caselaw to the contrary is not convincing in light of the remedial purpose of the
9    PAGA statute. This order agrees with the decisions holding that a single employee can sue to
10   collect penalties for the injuries done just to him. *See Parvataneni v. E*Trade Financial Corp.*,
11   2013 U.S. Dist. Lexis 136950 at *2 n.1 (N.D. Cal.) (Judge Jeffrey White); *Iskanian v. CLS
12   Transp. Los Angeles L.L.C.*, 206 Cal App. 4th 949, 966 n.6 (2012); *Quevedo v. Macy's, Inc.*, 798
13   F. Supp. 2d 122, 1141 (C.D. Cal. 2011) (Judge Gary Feess); *Grabowski v. C.H. Robinson Co.*,
14   817 F. Supp. 2d 1159, 1180–81 (S.D. Cal. 2011) (Judge William Hayes). The motion to dismiss
15   the eleventh and thirteenth claims is **DENIED**.

16   A separate issue is flagged for counsel. It is the opposite problem of whether, in federal
17   court, a single employee can sue for PAGA penalties as to all other workplace violations without
18   going through the class certification process. Please see the undersigned judge's order in *Taylor
19   v. West Marine Products, Inc.*, No. 3:13-cv-04916-WHA (N.D. Cal. March 25, 2014).

20   ### B.   *Motion to Strike*.

21   As an alternative to their motion to dismiss the eleventh and thirteenth claims, defendants
22   move to strike language in both claims and the prayer for relief bringing the suit on behalf of
23   other employees. Plaintiff stipulates to strike the portions of the claims "that seek statutory
24   penalties on behalf of other employees" (Opp. 7), but requests that this order grant leave to
25   amend the eleventh claim, asserting that he is now prepared to name specific employees on
26   whose behalf he would bring the claim. Plaintiff also requests that the language from the
27   thirteenth claim be stricken without prejudice, as he anticipates that he will later be able to
28   identify the relevant employees through discovery. While leave to amend is not automatically

10

granted, defendants' motion to strike the stipulated language from the complaint is **GRANTED WITHOUT PREJUDICE**.

Defendants also move to strike language from the thirteenth claim on the grounds that plaintiff did not mention "current or former California employees" in the LWDA pre-litigation letter, and therefore did not exhaust his administrative remedies as to employees besides himself. Because plaintiff has agreed to strike the language including other employees, this issue is **MOOT**. It will be re-examined when and if plaintiff seeks leave to amend his PAGA claim to add new employees.

### 3. MOTION TO STRIKE TWELFTH CLAIM FOR RELIEF.

In plaintiff's twelfth claim under California Labor Code Section 6310, he alleges that he is "entitled to an award . . . including without limitation for lost income and benefits" (Compl. ¶ 104). Similar language appears in the prayer for relief. The parties herein concur that plaintiff is only entitled to damages for lost income and benefits under Section 6310, and stipulate that "including without limitation" should be struck from the complaint. Defendants' motion to strike the stipulated language from plaintiff's twelfth claim and prayer for relief is **GRANTED**.

### 4. JUDICIAL NOTICE.

Defendants request judicial notice of the LWDA pre-litigation letter. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994). Plaintiff referred to the letter in the complaint, and does not dispute its authenticity. The request for judicial notice is, therefore, **GRANTED**.

### CONCLUSION

Defendants' motion to dismiss plaintiff's seventh, eleventh, and thirteenth claims for relief is **DENIED**. The motion to strike language from the seventh claim is **DENIED**. To the

11

extent stipulated by the parties herein, defendants' motion to strike is **GRANTED WITHOUT PREJUDICE** as to the eleventh and thirteenth claims and **GRANTED** as to the twelfth claim.

**IT IS SO ORDERED.**

Dated: April 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE