UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE SARKISOV,

   Plaintiff,

   v.

STONEMOR PARTNERS L.P., et al.,

   Defendants.

Case No. 13-cv-04834-JD

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 94

## INTRODUCTION

In this employment class action dispute, the parties jointly move for preliminary approval of a proposed settlement and conditional certification of the proposed class. The Court grants the motion for preliminary approval while reserving the issue of final approval.

## BACKGROUND

The plaintiff, George Sarkisov, was employed as a family service counselor at a cemetery, Olivet Memorial Park, by defendants StoneMor Partners L.P. and StoneMor GP LLC (together "StoneMor"). Second Amended Complaint ¶ 4. This case centers on Mr. Sarkisov's allegations that StoneMor failed to pay him and "other family service counselors overtime in weeks when they worked over 40 hours" in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as well as failing to comply with various other California state laws in terms of their compensation and treatment of employees. Dkt. No. 94 at 5-11. There are eleven remaining claims in total. *Id.* at 11.

The parties participated in mediation in August of 2014, and signed a settlement agreement on October 2, 2014. *Id.* at 11-12. The Court denied preliminary approval of this agreement on November 19, 2014, because of multiple deficiencies in the agreement, including the parties'

failure to specify how unclaimed funds over $20,000 would be redistributed, and the inadequacy of the proposed means by which potential class members would be notified of the settlement. Dkt. No. 90. The parties signed a revised settlement agreement, the operative agreement here, on December 10, 2014. Dkt. No. 94 at 12.

**DISCUSSION**

The parties have made multiple changes to their previous settlement agreement in an attempt to address the concerns discussed at the last hearing. These concerns have largely been remedied in the revised agreement. The principal terms of the agreement are summarized below.

**I. TERMS OF PROPOSED SETTLEMENT**

The putative class members consist of "[a]ll persons who work or worked for StoneMor in StoneMor's Western Region as family service counselors at any time from October 1, 2011 through the date of preliminary approval of the Settlement or in California as family service counselors at any time from 9/11/2009 through the date of preliminary approval of the Settlement." Dkt. No. 94-3 (Settlement Agreement) ¶ 8. These dates approximate the statutes of limitations applicable to the claims.

Under the revised settlement agreement, "StoneMor will pay a Gross Settlement Amount of $850,000." Dkt. No. 94 at 12. Class counsel intend to seek up to $212,500 out of this settlement amount, which amounts to twenty-five percent of the total, as well as up to $20,000 for reimbursement for out-of-pocket costs. *Id.* Also, Mr. Sarkisov, as class representative, will ask to receive a service payment of $7,500. *Id.* An additional $25,000 is estimated for the settlement administrator, and the parties also plan to pay $7,500 to the LWDA for the state's statutory share for the PAGA class claim for wage and hour violations. *Id.* The parties estimate that $577,500 will remain after these estimated costs are deducted, to be distributed to the class members pro rata, based on how many weeks they were employed as family service counselors in the time frames at issue. *Id.* at 13. $75,000 of this amount, the "FLSA Amount," is allocated to the Western Region class members, while the remaining $502,500 is reserved for settlement of the California claims. *Id.* at 12-13. The disparity in the amounts exists because the Western Region

1  class members have only the FLSA claim, while the California class members have the additional
2  claims under California state law. *Id.* at 20-21.
3        The class members do not have to submit claim forms in order to receive a settlement
4  check; <u>all</u> class members will receive a check unless they exclude themselves from the settlement,
5  or their notices are returned as non-deliverable.  Dkt. No. 94 at 13.  If the amount of uncashed
6  checks totals more than $20,000, those funds will be redistributed to the class members who
7  cashed their initial checks on a pro-rata basis.  *Id.* at 14.  If the amount is less than $20,000, it will
8  go to two cy pres beneficiaries, the Bet Tzedek Employment Rights Project in Los Angeles and
9  the Legal Aid Society-Employment Law Center in San Francisco.  *Id.*
10        Notice will be sent to the class members' residences by first class U.S. mail, and sent to the
11  work addresses of current employees.  Dkt. No. 94-3 ¶ 30. Notice will also be emailed to class
12  members "for whom Defendant reasonably can identify an e-mail address." *Id*.  Lastly, the
13  settlement agreement and notice will be posted to a website, and the notice will be published in
14  USA Today.  *Id*.  The claims administrator will also take additional steps, including using "all
15  standard skip tracing devices" to locate the addresses of class members whose forms have been
16  returned as undeliverable.  *Id.* ¶ 31.  CPT Group, Inc. is to be appointed as the claims
17  administrator for this settlement.
18        The California class members, apart from those who submit exclusion letters or whose
19  notices are returned by the postal service, release StoneMor from "any and all state law claims of
20  every nature or description . . . related to and arising from the allegations in the Class Claims . . .
21  ." *Id.* ¶ 49.  The Western Region class members who cash their settlement checks thereby opt in
22  to an FLSA class and also release StoneMor "from any and all claims of every nature or
23  description under the FLSA related to and arising from the allegations in the first claim for relief"
24  in the complaint.  *Id.* ¶ 50.  Class members in both classes retain all claims not arising out of or
25  relating to the allegations in the complaint.  Mr. Sarkisov goes further and fully releases StoneMor
26  from any and all claims he may have against them, up to the date of final approval.  *Id.* ¶ 52.
27        Lastly, the parties have clarified that the motion for attorney's fees must be filed "no later
28  than 14 days before the deadline for objecting to the Settlement."  *Id.* ¶ 20.

## II. PRELIMINARY APPROVAL

Where the parties reach a proposed settlement of a class action prior to class certification, proposing the certification of a class for settlement purposes, the Court must review the agreement and approve "both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Federal Rule of Civil Procedure 23(e) requires the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(1)(C). The parties bear the burden of showing that the proposed settlement is fair. *Staton*, 327 F.3d at 959; *see also Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This is because "the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." *Id.* Still, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The primary consideration in evaluating a class settlement agreement is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. In order to achieve this goal, the Court will give preliminary approval of a class settlement and notice only when (1) "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations," (2) "has no obvious deficiencies," (3) "does not improperly grant preferential treatment to class representatives or segments of the class," and (4) it "falls with the range of possible approval . . . ." *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *3 (Nov. 10, 2014) (citation omitted).

The previous settlement agreement had several obvious deficiencies, primarily involving notice, the scope of release, and a lack of clarity regarding the fate of unclaimed funds. The

parties have rectified these deficiencies, and the Court now finds that the agreement is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(1)(C).

**A. Notice**

The Court was concerned that the previous agreement's proposed method of class notice was insufficient because it provided only for notice by U.S. mail. Dkt. No. 90. Notice under Rule 23(c) must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." The prior agreement's proposed method of notice did not meet this demanding standard. The parties have now agreed that the methods of notice will be much more comprehensive, including not only delivery by U.S. mail to last known addresses of residence, but also delivery to current employees at their work addresses, emails to the class members whose emails can be identified, and publication on a website and in USA Today. Furthermore, the claims administrator will take additional steps to locate the addresses of class members whose forms are returned as undeliverable. The Court finds that the proposed methods of notice now satisfy Rule 23(c).

The Court also noted that non-lawyers would find the prior notice and claim forms difficult to understand, because of their unnecessary usage of technical legal language. Dkt. No. 90. Rule 23(c) requires that notice be clear and concise, with language that is plain and easy to understand. The revised proposed notice and claim forms, while still somewhat burdened by legal jargon, are now clearer and have generally remedied the defects noted at the prior hearing. The Court approves the notice proposed by the parties, both in form and content.

**B. Scope of Release**

The Court indicated at the hearing that the prior settlement agreement proposed a release that was far too broad because it applied to class members who potentially received no notice. Dkt. No. 90. The revised agreement provides that the California class members "who submit exclusion letters or whose Notices, even after any remailing, are returned by the Postal Service as non-deliverable" will not be deemed to have released StoneMor from claims related to or arising from the allegations set forth in this action. Dkt. No. 94-3 ¶ 49. Similarly, only the Western Region class members who have cashed their settlement checks, and thus have "opted-in," will be

5

1  deemed to have released their FLSA claims against StoneMor. *Id.* ¶ 50.  The releases
2  appropriately track the claims set forth in the complaint, and the Court finds under the
3  circumstances of this case that the releases now do not deprive class members of their rights
4  without sufficient notice.

### C. Unclaimed Funds

In their previous settlement agreement, the parties did not specify how unclaimed funds over $20,000 would be redistributed to the class members.  The revised agreement explains that "the amount will be redistributed to the Class Members who cashed their initial settlement payment checks on a pro-rata basis as a second distribution no sooner than 105 days after the initial distribution." *Id.* ¶ 19(b).  Similarly, the parties initially failed to identify, or explain the basis for, specific cy pres beneficiaries that would receive unclaimed funds under $20,000.  Now, the Bet Tzedek Employment Rights Project of Los Angeles and the Legal Aid Society-Employment Law Center of San Francisco are specified as the beneficiaries. *Id.*  The parties explain that both of these organizations are California-based, and provide free legal services to low-income individuals in need of assistance with employment law issues. *Id.*

Consequently, the Court finds the terms of the revised settlement agreement to be fair and reasonable, and finds that the agreement adequately protects the interests of the putative class members.  The motion for preliminary approval of the proposed settlement agreement is granted.

### III. CLASS CERTIFICATION

The parties also request that the Court conditionally certify the proposed class for settlement purposes only.  In certifying a class for settlement purposes, review of the proposed class is "of vital importance," as the Court lacks the opportunity to make adjustments to the class, as it ordinarily would when a case is fully litigated. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To be certified, the proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23.  Rule 23(a) provides that a class action is available only where: (1) the class is so numerous that joinder is impracticable; (2) common questions of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the class interests.  Additionally, Rule 23(b)(3), which

1    plaintiff has invoked, requires the Court to also find that common questions of law or fact
2    predominate over the questions affecting only individual class members, and that a class action is
3    the superior method for fair and efficient adjudication.

4        The Court finds that the requirements of Rule 23(a) are met.  The numerosity requirement
5    is met because the putative class consists of 342 individuals "who have worked as family service
6    counselors in StoneMor's Western Region for at least some of the time since October 1, 2011," as
7    well as 169 individuals who "have worked as family service counselors in California for at least
8    some of the time since September 11, 2009."  Dkt. No. 94 at 15.  The commonality requirement is
9    also met because the resolution of the class claims depends on common questions of law and fact
10   about the class members' employment with StoneMor.  Mr. Sarkisov's claims meet the typicality
11   requirement because he, "like every other Class Member, has worked as a family service
12   counselor for StoneMor" and "has suffered all of the unlawful acts alleged in the Class wage and
13   hour claims." *Id.* at 16.  Furthermore, plaintiff has withdrawn his individual claims.  Dkt. No. 87.
14   Finally, the adequacy requirement is met because there appears is no conflict between
15   Mr. Sarkisov and the other class members and no dispute about class counsel's competence.

16       The Court also finds that the requirements of Rule 23(b)(3) are met.  Common questions of
17   law and fact predominate over any questions affecting only individual class members, because the
18   primary issues in dispute revolve around StoneMor's allegedly unlawful policies, which generally
19   apply to all class members.  The Court also finds that a class action is the superior method for
20   resolving this controversy.  There are hundreds of potential plaintiffs, and a single employee's
21   claims would likely be too small to warrant individual litigation.

22       The preliminary approval motion also seeks the conditional certification of an FLSA
23   collective action for plaintiff's first claim for relief.  Dkt. No. 94 at 18-19.  The district court may,
24   in its discretion, conditionally certify an FLSA collective action if plaintiff meets his burden of
25   showing that the putative collective action members are "similarly situated," and "[c]ourts have
26   generally held that the 'similarly situated' standard under the FLSA is not as stringent a standard
27   as the 'common questions predominate' standard under Federal Rule of Civil Procedure 23(b)(3)."
28

*Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 323 (N.D. Cal. 2013). Here, where plaintiff has met the more "stringent" requirements for certification under Federal Rule of Procedure 23, the Court finds that plaintiff has satisfied the more lenient standard for conditional certification of the FLSA collective action as well.

Lastly, the Court appoints Bruce Highman of Highman & Highman as class counsel because the Court finds that he meets the requirements of 23(g)(1) based on his experience in employment litigation and the work that he has completed on this case thus far.

## IV. FINAL APPROVAL HEARING

The Court sets a hearing for final approval of the settlement on September 16, 2015, at 10:00 a.m. The parties are directed to file any motion for final approval and motion for fees and costs according to, and to otherwise follow, the schedule proposed in plaintiff's preliminary approval motion. Dkt. No. 94 at 24-25. The Court will decide at the final approval stage the attorney's fees request and whether Mr. Sarkisov will receive an incentive payment for service as the class representative, a practice that this Court normally rejects.

**IT IS SO ORDERED**.

Dated: March 18, 2015

_____
JAMES DONATO
United States District Judge